PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, ) | |
| ) | CASE NO. 4:23 CV 1565 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| INSPECTOR WOLFE, *et al*., ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |
| ) | |

### I. Background

*Pro se* Plaintiff Michael Brown, an Ohio prisoner currently incarcerated in the Ohio State Penitentiary, has filed an *in forma pauperis* complaint under 42 U.S.C. § 1983 against Institutional Inspector Mr. Wolfe and Corrections Officers Ms. Torres, Mr. Balk, and Mr. Fonner. ECF No. 1. He seeks damages and other relief. Plaintiff states he sues Officers Balk and Torres for "excessive force," Officer Fonner for "failing to give medical aid," and Institutional Inspector Wolfe for "violating [the] 1st amendment." ECF No. 1 at PageID #: 4.

But the entire factual basis stated in Plaintiff's Complaint for his claims is as follows:

> I was being escorted from a class and once I reached the knee stool I got on my own accord and C/O Balk and C/O Torres pushed me causing my head to hit wall . . . I have witness in an [inmate Tayor] who wrote a statement[.] C/O Fonner denied me "medical" ice for my head (same date)[.] [Institutional Inspector] Wolfe conducted faulty investigation and is lying to stop grievance process.

ECF No. 1 at PageID #: 5.

For the reasons stated below, his Complaint is dismissed.

(4:23-CV-1565)

## II.  Standard of Review

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  Nonetheless, the lenient treatment accorded *pro se* plaintiffs has limits.  *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  Even *pro se* plaintiffs must satisfy basic pleading requirements, and the liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf" or to create claims for them. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Federal district courts are expressly required under to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to review all *in forma pauperis* prisoner complaints seeking redress from governmental employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§ 1915(e)(2)(B) and 1915A).

2

(4:23-CV-1565)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). It is not enough for a plaintiff to allege facts consistent with liability. Rather, to avoid dismissal, his allegations must be sufficient to "nudge" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "[N]aked assertions" devoid of "further factual enhancement" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

## III. Discussion

To state a claim under § 1983, a plaintiff must demonstrate that he suffered a deprivation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. 42 U.S.C. § 1983. Upon review, the Court finds that even liberally construed, Plaintiff's Complaint fails to state a plausible § 1983 claim against any Defendant.

**1. Excessive Force**

First, Plaintiff's Complaint fails to allege a plausible excessive force claim against Defendants Torres and Balk. Although the Eighth Amendment protects prisoners from the use of excessive force by prison officers*, Whitley v. Albers*, 475 U.S. 312, 320-21 (1986), not every governmental action affecting the well-being of a prisoner is subject to Eighth Amendment scrutiny. "After incarceration, only the 'unnecessary and wanton infliction of pain,' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430

3

(4:23-CV-1565)

U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To bring an Eighth Amendment claim, an inmate must satisfy both an objective and subjective component. *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019).

"The subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Courts inquire "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Supreme Court has identified a number of factors pertinent in determining whether a use of force is wanton and unnecessary: the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321).

"The objective component requires the pain inflicted to be 'sufficiently serious.'" *Rafferty*, 915 F.3d at 1094 (citing *Williams*, 631 F.3d 383). Federal courts have made clear that "not every push or shove, even if it appears to be unnecessary" violates a prisoner's constitutional rights. *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at *1 (6th Cir. Jan. 31, 1996). The Eighth Amendment protects inmates only from conduct which is "repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (quoting *Hudson*, 503 U.S. at 10). The Eighth Amendment does not protect against "de minimis uses of physical force." *Rafferty*, 915 F.3d at 1094 (quoting *Hudson*, 503 U.S. at 9-10).

4

(4:23-CV-1565)

Plaintiff alleges that Officers Balk and Torres "pushed him," but this statement alone does not permit a plausible inference that such force was used against him maliciously and sadistically for the purpose of causing harm, rather than in good faith for the purpose of maintaining or restoring order. In the "statement" of inmate Taylor that Plaintiff references in his Complaint, Taylor states that he saw Officer Torres place her hands on Plaintiff's shoulders and push him "during [a] moment [when Officer Torres] assumed [Plaintiff] was being rude by not talking." ECF No. 1-2 at PageID #: 16. This, too, does not suggest that Torres pushed Plaintiff maliciously and sadistically for the purpose of causing harm. Instead, if anything, Taylor's statement suggests that Torres pushed Plaintiff because she believed Plaintiff was intentionally refusing to respond verbally to her. Even if Torres was wrong in her assessment and her use of force was unnecessary, Plaintiff does not allege facts supporting a reasonable finding that he experienced anything other than *de minimis* injury. He states only that he "*believes* he suffered a minor concussion" as a result of the incident, and that he was advised to "ice & bed rest." (ECF No. 1 at PageID #: 5) (emphasis added.) These allegations, at the most, suggest *de minimis* injury in the prison context.

Accordingly, the Court does not find Plaintiff's Complaint sufficient to state plausible Eighth Amendment excessive force claims. Plaintiff's allegations that Officers Balk and Torres "pushed" him and that he needed ice for his injuries are insufficient to nudge excessive force claims over the line from conceivable to plausible.

**2. Failure to Provide Medical Treatment**

5

(4:23-CV-1565)

The Court finds Plaintiff's Complaint insufficient to state plausible constitutional claims under § 1983 against Defendants Fonner and Wolfe. His claims against Fonner and Wolfe are based his completely unadorned allegations that Fonner denied him "'medical' ice for [his] head" and that Investigator Wolfe conducted a faulty investigation and/or grievance process. Such "labels and conclusions" are not enough to state a plausible claim and fail to meet basic pleading requirements. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Furthermore, failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from a prison official's "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires a prisoner to show objective and subjective components. He must show both that he has a "serious" medical need or condition, and, that the prison official in question acted with subjective "deliberate indifference" to that risk. *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). Plaintiff's unadorned assertion that Officer Fonner denied him "'medical' ice for [his] head" satisfies neither component.

Additionally, Plaintiff has alleged no plausible claim against Institutional Inspector Wolfe to the extent he challenges an investigation or grievance process. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). And "[p]rison inmates do not have a constitutionally protected

6

(4:23-CV-1565)

right to a grievance procedure." *Miller v. Haines*, 156 F.3f 1231 (Table), 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted).

## Conclusion

Accordingly, for all of the foregoing reasons, Plaintiff's Complaint fails to state a plausible § 1983 claim and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| March 29, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

7